PER CURIAM.
In this dispute over a real estate commission, competent substantial evidence in the record supports the trial judge’s findings upon which he based his conclusions that an agreement existed, and that the appellee *933 fully performed his obligations under the agreement and is therefore entitled to a brokerage commission. However, the record evidence does not support his finding that no formal agreement existed regarding the amount of the fee to be paid. The complaint alleged, and both parties testified at trial, that the appellee was to receive a $15,000 commission for his services. The dispute below centered on whether there were special conditions attached to the oral agreement which the appellee failed to fulfill.
The appellee sought, and the trial judge awarded, a commission in the amount of $32,0000 (10% of the sales price) based on the theory of quantum meruit. However, the facts in this record do not indicate that application of this theory was proper. Both the pleadings and the proof in this case establish the appellee’s entitlement to a fee of $15,000 if he performed according to the oral agreement. The trial judge, having found such performance, should have awarded a fee of $15,000.
The judgment is REMANDED for correction of the amount of the award to read “$15,000.00” instead of “$32,000.00” and is otherwise AFFIRMED.
BOOTH, SMITH and BARFIELD, JJ„ concur.